JAMES C. HALL, ET AL. *v.* THE CINCINNATI, HAMILTON AND DAYTON RAILROAD CO.

1. Under the code, an assignee of a claim of damages, resulting from injuries to personal or real estate, may bring an action in his own name.
2. Such claim for damages, as assignee, is a separate cause of action from a claim arising by injury to the same property, after its purchase by such assignee; and a demurrer will lie, if not separately stated and numbered.

SPECIAL TERM.—On demurrer to petition.

*Caldwell & Paddack,* for plaintiffs.

*Worthington & Matthews,* for defendants.

STORER, J. The petition alleges that the plaintiffs have

leased certain premises in Cincinnati, for a term of years, with the privilege of purchase; that before the lease, as well as since, the defendants have obstructed the public thoroughfare, claimed to be a street, to the free use of which the occupants of the premises leased are entitled; it is also averred that the obstruction is caused by the road track of the defendants, which passes over the thoroughfare, not only preventing the uninterrupted enjoyment of the easement, but being elevated above its ordinary level, has caused the premises adjoining to be overflowed and greatly injured. The defendants have demurred.

Two questions arise on the pleadings :

First, can the causes of action be joined in the petition?

It will be seen, the plaintiffs ask to recover for the damages alleged to have been sustained by their lessors before the conveyance to these lessees, alleging an assignment of the right to recover the damages of the former owner; they also ask remuneration for the injuries to which they have been subjected since their estate commenced.

Section 25 of the code requires every action to be prosecuted in the name of the real party in interest, except in a few cases, which are described in section 27.

Section 398 provides that " in addition to the causes of action which survive at common law, causes of action for *mesne* profits, or for an injury to personal or real estate, or for any deceit or fraud, shall also survive."

A collation of these sections leads us to the conclusion that it was the intention of the legislature to preserve the right of action in cases enumerated, and to confer the power to assign it to those who originally were entitled to it. No other construction can harmonize the code; and as the distinction between law and equity is abolished, there is little practical difficulty in the prosecution of the remedy that may be necessary to secure it.

This was held to be the proper construction of the New York code, by Judge Paige, in 1 Selden, 347, *Hoyt v. Thompson*; and Judge Story, in 1 Peters, 213, *Comegys et al.*

v. *Vasse;* held, " that mere personal torts, which die with the party, and do not survive to his personal representatives, are not capable of passing by assignment; and that vested rights *ad rem* and *in re,* possibilities coupled with an interest, and claims growing out of, and adhering to, property, may pass by assignment."

We believe, then, that the original owners of the premises in question might well assign a cause of action accruing before the conveyance, and the assignee thereof may sue for the damages in his own name.

The second question refers to the joinder of two causes of action in the same count.

We suppose this point is settled by section 86 of the code, which provides " that when the petition contains more than one cause of action, each shall be separately stated and numbered."

The demurrer, therefore, will be sustained for the misjoinder, and leave given to the plaintiff to amend his petition.

Demurrer to petition sustained.